**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| JEFFERY BATTLE, ) | |
| ) | No. 0:11-cv-01044-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| MICHAEL J. ASTRUE, COMMISSIONER ) | |
| OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

      This matter is before the court on Magistrate Judge Paige J. Gossett's Report and Recommendation (R&R) that this court affirm the decision of the Commissioner denying plaintiff's application for disability insurance benefits (DIB) and supplemental security income (SSI). Plaintiff has filed objections. For the reasons set forth below, the court adopts in part and rejects in part the magistrate judge's R&R, affirms in part and reverses in part the administrative law judge's (ALJ) denial of benefits, and remands for further proceedings.

## I.  BACKGROUND

      Plaintiff Jeffery Battle filed for DIB and SSI on February 5, 2007, alleging disability beginning September 8, 2006. Tr. 8. Both claims were initially denied on June 21, 2007. Id. The ALJ held a hearing on June 4, 2009, and on December 8, 2009, issued a decision denying Battle's application for benefits. Tr. 8, 20. On February 25, 2011, the Appellate Council denied Battle's request for review, rendering the ALJ's decision the final action of the Commissioner. Tr. 1-3. Battle then filed the instant action in federal

1

court on April 29, 2011. On April 26, 2012, the magistrate judge submitted an R&R recommending that this court affirm the ALJ's decision.

Battle was born on July 17, 1970 and was thirty-six years old at the time he filed for DIB and SSI. Tr. 19, 90. He has a high school education and past relevant work experience as a beam hand, carpet-making machine operator, industrial cleaner, rip saw operator, and lumber stacker. Tr. 18, 145, 148. On September 8, 2006, Battle suffered multiple gunshot wounds during a burglary attempt on his home, and he later underwent surgery for his injuries. Tr. 46, 89, 177, 184.

On February 1, 2007, Dr. Glen King performed a psychological evaluation of Battle and diagnosed him with acute post-traumatic stress disorder (PTSD), AD/HD (primarily combined type, secondary to PTSD), dysgraphia, dyslexia, and upper limb tremors with fine motor coordination difficulties. Tr. 12-13, 17, 182-83. Dr. King stated that Battle would "have significant difficulties functioning in a competitive work place at the present time due to the presence of his PTSD and his tremors." Tr. 183. Dr. King also noted that Battle could not perform the types of work he had performed in the past and would be "unable to work at the present time and for some time into the future." Id.

On May 3, 2007, Dr. Aileen McAlister completed a psychiatric review technique form and a mental residual functional capacity assessment for Battle. Tr. 190. In her psychiatric review technique form, she opined that Battle had a moderate degree of limitation in activities of daily living, maintaining social functioning, and maintaining concentration, persistence, or pace. Tr. 200. Dr. McAlister also found medically determinable impairments of PTSD, AD/HD, and borderline intellectual functioning (BIF). Tr. 191, 195. Additionally, in her mental residual functional capacity assessment,

Dr. McAlister stated that Battle had moderate limitations in his ability to understand and remember detailed instructions, maintain attention and concentration for extended periods, carry out detailed instructions, complete a normal work week without unreasonable rest periods or psychological symptoms, interact appropriately with the public, accept instructions and respond appropriately to criticism, get along with co-workers, and respond appropriately to changes in the workplace. Tr. 212-13. Dr. McAlister did not note any manipulative limitations with reaching, handling, or fingering. Tr. 207.

On May 16, 2007, Battle saw Dr. James Colley for a consultative examination. Tr. 184. Battle complained of left foot drop, anxiety, and depression. Tr. 13. Battle told Dr. Colley that he did not have difficulty sitting and could walk four to five blocks while wearing his foot brace. Tr. 185. Dr. Colley found that Battle had an excellent result from surgery. Tr. 184.

Dr. Glenton Davis saw Battle five times during 2008 and 2009. Tr. 218-24. On January 30, 2009, Dr. Davis completed a physical capacities evaluation (PCE) of Battle and a clinical assessment of pain. Tr. 226, 229. In the PCE, Dr. Davis opined that Battle could sit for one hour and stand for one hour in an eight hour work day. Id. He also found that Battle could lift and/or carry five pounds occasionally and one pound frequently. Id. In the clinical assessment of pain, Dr. Davis indicated that Battle would likely be absent from work more than four days per month because of his impairments. Tr. 230.

At the hearing before the ALJ on June 4, 2009, Battle alleged, among other complaints, that he had constant pain in his left foot, pain in his right leg, and pain in his

right arm when reaching overhead.  Tr. 34-37, 54.  He testified that he could sit for thirty to forty minutes at a time with his leg stretched out.  Tr. 35.  A vocational expert testified that given Battle's age, education, and work experience, he could perform only sedentary work and would be capable of working as an addressor or surveillance system operator.  Tr. 60-61.

Applying the five-step sequential analysis to determine if Battle was disabled, the ALJ first determined that Battle had not engaged in substantial gainful activity since September 8, 2006.  Tr. 10.  Second, the ALJ found that Battle suffered from several severe impairments, including left foot drop, fracture of the right femur and right humerus, PTSD, AD/HD, and BIF.  Id.  Third, the ALJ stated that plaintiff's combination of impairments did not meet the requirements of a Listing found in 20 C.F.R. part 404, subpart P, appendix 1.  Id.

The ALJ next found that Battle had the residual functional capacity (RFC) to perform sedentary work, with several limitations.  Tr. 11-12.  The ALJ determined that Battle was limited to standing/walking for two hours and sitting for six hours in an eight hour day, never pushing and/or pulling with the left lower extremity, occasionally pushing and/or pulling with the right upper extremity, occasionally lifting and/or carrying ten pounds, and occasionally stooping, balancing, kneeling, crouching, or crawling.  Tr. 11.  The ALJ also noted limitations on Battle's exposure to heights, dangerous machinery, and uneven surfaces, and limited Battle to casual interactions with co-workers and the public and gradual introduction of workplace changes.  Tr. 11-12.  Furthermore, he stated that Battle could sustain concentration and attention for two hour periods with customary breaks and could follow short, simple instructions.  Id.  Based

on this RFC assessment, the ALJ determined that plaintiff's limitations precluded him from performing any past relevant work.  Tr. 18.

In making this determination, the ALJ relied on the opinions of Dr. McAlister and Dr. Colley, among others.  Tr. 12-18.  The ALJ gave a significant portion of Dr. King's opinion "no weight"[1] because he did not properly separate the elements of his opinion so as to permit "an identification of the psychological strands."  Tr. 17-18.  The ALJ also found Dr. Davis's opinion "not credible" because it was "internally inconsistent" and conflicted with other evidence.  Tr. 17.

At the fifth step, the ALJ concluded that given Battle's RFC, Battle could perform jobs that existed in significant numbers in the national economy, and found Battle not disabled.  Tr. 19-20.

On review, Battle takes issue with the ALJ's consideration of the medical evidence, arguing that:  (1) the ALJ failed to give appropriate weight to the opinions of Dr. King and Dr. Davis; and (2) the ALJ failed to consider all of Battle's impairments (especially his tremors) in making the RFC assessment.

## II.   STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made.  28 U.S.C. § 636(b)(1).  This court is not required to review under a de novo standard the factual findings and legal conclusions of the magistrate judge to which the parties have not objected.  See id.  The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court.

---

[1] The ALJ did "credit [Dr. King's] opinion that the claimant has significant problems functioning in a work environment due to his mental impairments," but gave no weight to Dr. King's opinion regarding Battle's ability to work.  Tr. 17

5

Mathews v. Weber, 423 U.S. 261, 270-71 (1976). This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to her with instructions for further consideration. 28 U.S.C. § 636(b)(1). A party's general or conclusory objections are not sufficient to challenge a magistrate judge's findings. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Id. (internal quotation marks omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Instead, when substantial evidence supports the Commissioner's decision, this court must affirm that decision even if it disagrees with the Commissioner. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays, 907 F.2d at 1456.

## III.  DISCUSSION

Plaintiff first objects to the magistrate judge's R&R on the ground that the ALJ gave improper weight to the opinions of Dr. King and Dr. Davis.

6

"Regardless of its source," an ALJ must "evaluate every medical opinion" he receives, taking into consideration the length, nature, and extent of the treatment relationship, the supportability and consistency of an opinion, and various other factors. 20 C.F.R. § 404.1527(c). The ALJ must also give specific reasons for the weight given to a treating physician's medical opinion. See SSR 96-2p.

### A.  Evaluation of Dr. King's Opinion

Battle asserts that the ALJ erred in giving a portion of Dr. King's opinion "no weight." The magistrate judge found that the ALJ sufficiently "addressed the psychological limitations of PTSD . . . that Dr. King observed in his examination" to the extent that they did not conflict with Dr. McAlister's opinion, and that Battle "failed to show that the ALJ's" assessment of Dr. King's opinion "was not supported by substantial evidence or resulted from an error of law." R&R 9.

First, Battle generally asserts that the ALJ did not properly weigh Dr. King's opinion, in large part because the ALJ erred in giving more weight to the opinion of Dr. McAlister, a non-examining physician, than to that of Dr. King, an examining source. Pl.'s Obj. 3-4. The ALJ identified several reasons for his decision to confer no weight to Dr. King's opinion regarding Battle's ability to work. He noted inconsistencies between the mental RFC and psychiatric assessments performed by Dr. McAlister and the conclusions of the psychological assessment performed by Dr. King, as he was permitted to do under SSR 96-6p.[2]

---

[2] In general, more weight is given to the opinion of a "source who has examined [a claimant] than to the opinion of a source who has not," 20 C.F.R. § 404.1527(c)(1), but "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded *significantly* less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996) (emphasis added). A non-examining physician's opinion may be relied upon "when it is

7

In addition, the ALJ noted that Dr. King's opinion regarding Battle's ability to work "rested on a combination of his physical and mental impairments" and "meld[ed] a psychological, physical, and vocational analysis without a deconstruction that permits an identification of the psychological strands." Tr. 17-18. The ALJ was entitled to consider the source of Dr. King's opinions in determining whether the opinion should be given less weight. See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (noting that "opinions outside [a] physician's field of expertise carry little weight"). Finally, the ALJ pointed out that Dr. King's opinion regarding Battle's inability to "work at the present time and for some time into the future" rested on Battle's ability to perform *past* work, "which was almost exclusively at the medium exertional level." Tr. 17. The ALJ consistently gave insubstantial weight to a consultant's opinion that Battle could perform medium work because that opinion "was not consistent with evidence of the claimant's ongoing neurological deficits." Id. For these reasons, substantial evidence supports the ALJ's treatment of Dr. King's opinion.

Second, Battle argues that the ALJ did not properly consider the psychological limitations noted by Dr. King regarding Battle's ability to perform at a consistent pace without an unreasonable number and length of rest periods. Pl.'s Obj. 4. The ALJ did in fact "credit [Dr. King's] opinion that claimant has significant problems functioning in a work environment due to his mental impairments," Tr. 17, as noted by the magistrate judge. R&R 8. Indeed, the ALJ's consideration of these impairments can be seen in his assessment of Battle's RFC, where he altered the full range of sedentary work and provided limitations for instructions, social interaction, concentration, and introduction of

---

consistent with the record" and provides "substantial evidence" to support an ALJ's decision. Smith v. Schweiker, 795 F.2d 343, 346 (4th Cir. 1986).

workplace changes. Tr. 11-12. At any rate, the ALJ's failure to specifically discuss each of Dr. King's findings does not mean they were not considered. See Craig v. Apfel, 212 F.3d at 436.

Finally, Battle asserts that the fact that Dr. King only saw Battle once cannot be used as a post-hoc rationale to support the ALJ's decision, Pl.'s Obj. 2, stating that this rationale "would not constitute a sole or even primary justification for dismissing Dr. King's opinion." Pl.'s Reply 1-2. The ALJ provided clear reasoning for his rejection of Dr. King's opinion regarding Battle's ability to work, stating that he gave it "no weight" because it mixed a "psychological, physical, and vocational analysis without a deconstruction that permits an identification of the psychological strands." Tr. 17-18. The validity of any post-hoc justification is irrelevant.

The ALJ provided good reasons for the weight given to Dr. King's opinion. Therefore, the court agrees with the magistrate judge that Battle has failed to show that the ALJ's treatment of Dr. King's opinion was not supported by substantial evidence or resulted from an error of law.

### B. Evaluation of Dr. Davis's Opinions

Next, Battle argues that the ALJ improperly found Dr. Davis's opinions to be "internally inconsistent" and "not credible." Battle contends that the ALJ found a "dubious" inconsistency in the PCE form filled out by Dr. Davis and incorrectly determined that Dr. Davis's opinions conflicted with other evidence in the record. Pl.'s Obj. 4-6. The magistrate judge found that Battle failed to demonstrate that the ALJ's decision with regard to Dr. Davis's opinions were "unsupported by substantial evidence or controlled by an error of law." R&R 12.

Dr. Davis is a treating physician who saw Battle five times during 2008 and 2009. Generally, more weight is given to the opinions of treating sources than to those of examining sources. 20 C.F.R. § 404.1527(c). If an ALJ finds "that a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record," he should give it controlling weight. Id.; see also Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).

When an ALJ gives a treating source's opinion less than controlling weight, he must explain his decision based on the factors listed in § 404.1527(c).

> A treating physician's opinion, even when contradicted by other evidence, is entitled to deference and must be weighed based on (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical questions at issue; and (6) other factors which tend to support or contradict the opinion.

Zarkowski v. Barnhart, 417 F. Supp. 2d 758, 765 (D.S.C. 2006) (citing 20 C.F.R. § 416.927(d)). Remand may be warranted when an ALJ has not given sufficient reasons for the weight afforded an opinion or has relied on "specious inconsistencies." Koonce v. Apfel, No. 98-1144, 1999 WL 7864, at *2 (4th Cir. Jan. 11, 1999).

Here, the ALJ stated that Dr. Davis's findings in the PCE were "internally inconsistent" in that "[Dr. Davis] found that the claimant could occasionally lift five pounds and frequently lift/carry one pound, but could not sit, stand and walk a combined amount that does not reach the upper end of occasional, let alone frequent." Tr. 17. He also rejected Dr. Davis's opinions because of perceived inconsistencies with Battle's own

statements, noting that these inconsistencies made it necessary for Dr. Davis to explain "[Battle's] inability to sit more than 1 hour in an 8-hour day." Id.

Dr. Davis's opinion in the PCE form that Battle could lift and/or carry five pounds occasionally and one pound frequently in a work setting is not necessarily inconsistent with his finding that Battle could sit and stand/walk for one hour in an eight hour work day. While, under the Social Security Regulations, "occasional" lifting requires being on one's feet for up to one-third of an eight hour work day, see SSR 83-10 at *5, this definition was not included in the form filled out by Dr. Davis. Tr. 226. Dr. Davis marked the line next to the *least* possible amount of lifting and/or carrying provided by the form. Although the magistrate judge found that the terms "occasional" and "frequent" were defined on the PCE form, R&R 11, these definitions only applied to the questions regarding reaching, bending, pushing, pulling, climbing, and other miscellaneous activities. See Tr. 226 (emphasis added) ("*For these questions*, 'rarely' means 1% to 5% of an 8-hour work day; 'occasionally' means 6% to 33% of an 8-hour work day; 'frequently' means 34% to 66% of an 8-hour work day.") In other words, according to the PCE form, the definitions did not apply to Dr. Davis's opinion as to Battle's lifting and carrying abilities.

Next, the ALJ found discrepancies between Dr. Davis's finding that Battle could sit for one hour in an eight hour work day, Battle's statement to Dr. Colley that he had no problem sitting, and Battle's statement in his Physical Capacities Questionnaire that he could sit "all day." See Tr. 17, 151, 185, 226. Based on these discrepancies, the ALJ found Dr. Davis's opinion deficient because he did not explain his determination of Battle's inability to sit more than one hour in an eight hour work day. Tr. 17. But in

stating to Dr. Colley that he "has no difficulty sitting and can stand for 15-20 minutes," Battle did not specify whether he was referring to sitting/standing in a work or home environment.  Tr. 185.  Presumably, Battle was referring to a home environment, in which he later stated that he could only sit for thirty to forty minutes at a time with his leg stretched out.  Tr. 35.  Moreover, in his Physical Capacities Questionnaire, Battle also stated that he "cannot perform any activities due to lack of use of left leg because of nerve damage" and has "trouble si[t]ting or walking."  Tr. 151.

The court is unable to find that the perceived inconsistencies in Dr. Davis's PCE and between Dr. Davis's findings and Battle's own statements constitute substantial evidence from which to discredit the entirety of Dr. Davis's opinions, including the clinical assessment of pain.  See 20 C.F.R. § 404.1527(c)(2).  The ALJ correctly *considered* the consistency of Dr. Davis's opinions but failed to apply all of the remaining factors found at 20 C.F.R. § 404.1527(c) in concluding that "Dr. Davis's opinions are not credible."  Tr. 17.  While other evidence may ultimately justify the ALJ's rejection of Dr. Davis's opinions, it is not this court's job to weigh the evidence or resolve conflicts in the evidence.  Hays, 907 F.2d at 1456.  For these reasons, the case must be remanded to the ALJ for further analysis of the weight due Dr. Davis's opinions.  If such analysis changes the ALJ's formulation of Battle's RFC, the ALJ must then re-determine what work, if any, Battle can perform and, ultimately, whether Battle is disabled.[3]

---

[3] Battle also objects to the R&R on the ground that the ALJ erred in assessing his RFC by failing to take evidence of his tremors into consideration and to include limitations of hand-finger actions.  Pl.'s Obj. 8-10.  Because the court finds that remand is necessary for the ALJ to further evaluate Dr. Davis's opinions and their impact on Battle's RFC, the court would ask the ALJ to determine whether additional discussion of the record evidence of tremors and resulting impact on Battle's RFC is warranted.

## IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS IN PART** and **REJECTS IN PART** the magistrate judge's R&R, **AFFIRMS IN PART** and **REVERSES IN PART** the Commissioner's decision denying benefits, and **REMANDS** under sentence four of 42 U.S.C. § 405(g) for further proceedings.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**July 26, 2012**
**Charleston, South Carolina**

13