**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| JEFFREY BATTLE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> COMMISSIONER OF SOCIAL ) <br> SECURITY ADMINISTRATION, ) <br> ) <br> Defendant. ) <br> _____) | No. 0:11-cv-01044-DCN <br><br><br> **ORDER** |

 This matter is before the court on plaintiff's motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA). Plaintiff requests $5,454.00 in attorney's fees[1] and $23.00 in expenses on the ground that he is a prevailing party under the EAJA. Defendant contests the awarding of such fees, asserting the government's position was substantially justified.

 The Administrative Law Judge (ALJ) issued a decision on December 8, 2009 denying plaintiff's application for disability benefits and supplemental security income. On February 25, 2011, the Appeals Council denied Battle's request for review, rendering the ALJ's decision that of the Commissioner of Social Security. Plaintiff filed a complaint in this court on April 29, 2011, seeking review of the Commissioner's decision. The matter was referred to the magistrate judge, who found in a Report &

---

[1] Plaintiff originally sought $5,454.00 in attorney's fees based on 30.3 attorney hours of representation at a rate of $180.00 per hour. Pl.'s Mot. Atty's Fees 2. After defendant opposed the motion for fees and expenses, Battle amended his EAJA petition to reflect the additional hour spent by his attorney on preparing a reply brief, for a total of $5,634.00 in requested attorney's fees. Pl.'s Reply 1. The arguments set forth in plaintiff's reply brief do not differ substantially from those made in the opening petition. Moreover, "Replies to responses are discouraged." Local Rule 7.07, DSC. The court finds plaintiff's amended request is unreasonable and instead considers whether he is entitled to the fee amount set forth in the original petition.

Recommendation (R&R) that this court should affirm the ALJ's decision. On July 26, 2012, the court issued an order affirming in part and rejecting in part the R&R, affirming in part and reversing in part the ALJ's decision, and remanding to the ALJ for further proceedings.

Under the EAJA, a court shall award reasonable fees and expenses to a prevailing party in certain civil actions against the United States unless the government's position was substantially justified or special circumstances render an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because this court remanded to the ALJ pursuant to 42 U.S.C. § 405(g), Battle is considered the "prevailing party." See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). The government has the burden of proving that its position was substantially justified. Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991). Evaluating whether the government's position was substantially justified is not an "issue-by-issue analysis" but an examination of the "totality of circumstances." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993); see also Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation.").

"The government's position must be substantially justified in both fact and law." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted).

Here, the court held that the ALJ erred in his evaluation of the opinions of Dr. Glenton Davis, Battle's treating physician during 2008 and 2009. Specifically, the ALJ determined that Dr. Davis's findings were both "internally inconsistent" and inconsistent with Battle's own statements. The court was "unable to find that the perceived inconsistencies in Dr. Davis's [physical capacities evaluation] and between Dr. Davis's findings and Battle's own statements constitute substantial evidence from which to discredit the entirety of Dr. Davis's opinions, including the clinical assessment of pain." Order 12. The court further noted that while the ALJ properly considered the consistency of Dr. Davis's opinions, he "failed to apply all of the remaining factors found at 20 C.F.R. § 404.1527(c)" in concluding that Dr. Davis's opinions were not credible. Id.

"The government's non-acquiescence in the law of the circuit entitles the claimant to recover attorney's fees." Crawford, 935 F.2d at 658; see also Adams v. Barnhart, 445 F. Supp. 2d 593, 595 (D.S.C. 2006) ("Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified."). The ALJ failed to apply an analysis required by law. See Zarkowski v. Barnhart, 417 F. Supp. 2d 758, 765 (D.S.C. 2006) (holding that a treating physician's opinion, even when contradicted by other evidence, is entitled to deference and must be weighed under the relevant factors for determining the weight due a medical opinion); Baxter v. Astrue, No. 10-3048, 2012 WL 32567, at *6-7 (D. Md. Jan. 4, 2012) ("[T]he ALJ must at least indicate that he or she was aware of and considered all of the factors.").

For these reasons, the court finds that the government has not met its burden of showing that its position was substantially justified. The court does not find any special circumstances that would render an award of fees and expenses unjust. Therefore, the court **GRANTS** plaintiff's motion and awards $5,454.00 in fees and $23.00 in expenses.[2]

**AND IT IS SO ORDERED**.

										_____
										**DAVID C. NORTON**
										**UNITED STATES DISTRICT JUDGE**

**April 5, 2013**
**Charleston, South Carolina**

---

[2] The award is based on a total of 30.03 attorney hours at a rate of $180.00 per hour. This is a reasonable request, and defendant does not object to the calculation of the fee. Defendant does correctly note that the EAJA requires attorney's fees to be awarded directly to the litigant rather than her attorney. See Astrue v. Ratliff, 130 S. Ct. 2521, 2527 (2010) (holding that plain text of EAJA requires that attorney's fees be awarded to the litigant, subjecting the fees to offset of any pre-existing federal debt); Stephens v. Astrue, 565 F.3d 131, 139 (4th Cir. 2009) (same). Therefore, the court awards to plaintiff attorney's fees in the amount of $5,454.00 and expenses in the amount of $23.00. See Sturkin v. Astrue, No. 11-3525, 2013 WL 425833, at *1 (D.S.C. Feb. 4, 2013) (awarding both fees and expenses directly to plaintiff).